948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RURAL FARM DISTRIBUTORS COMPANY, Plaintiff-Appellant,
v.
MAPLECREST FARMS; United States of America, by and through
Farmer's Home Administration, an agency of the
United States, Defendants-Appellees.
 No. 91-3520.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Rural Farm Distributors Company appeals from the judgment of the district court in an action to determine which of the parties possesses the first and best lien on proceeds from the sale of secured grain and livestock from the Maplecrest Farms. The parties have waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rural Farm bases its claim to the proceeds on a state court order of garnishment that it obtained against Maplecrest in 1987. The United States of America, through the Farmers Home Administration, bases its claim to the proceeds on various promissory notes, security agreements and financing statements dating from June 1979.
 
 
 4
 The district court denied Rural Farm's motion for summary judgment and granted the government's motion for summary judgment. The court concluded that the government's liens were properly perfected and take priority over the garnishment judgment entry entered in favor of Rural Farm. On appeal, Rural Farm argues that the government's liens were extinguished by the authorized sale of the collateral and argues for the first time that documents attached to the government's motion to remove the case to federal court were insufficient to support a summary judgment motion and were improperly considered by the court.
 
 
 5
 Upon review, we find no error. With respect to appellant's second appellate argument, that the district court improperly considered the documents attached to the government's motion for removal, no objection to their consideration was raised in the district court. We conclude that no exceptional circumstances are present which would call for this court to address an issue not raised in the district court. See Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 6
 The general standard an appellate court applies in reviewing a grant of summary judgment is the same as the district court employs initially under Federal Rule of Civil Procedure 56(c). Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." Id. The mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. A fact is material when it is capable of affecting the outcome of the suit under governing law; a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 7
 Ohio law plainly provides that a secured creditor's interest in the collateral can continue in the proceeds received from the sale of the collateral. Ohio Revised Code § 1309.25(B). The record clearly reflects that the Farmers Home Administration complied with the filing requirements for the financing statement that allow its security interest to survive the sale of the collateral. Summary judgment was not in error.
 
 
 8
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the court's order dated April 2, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation